FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 JUN -6 PM 2:53

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:16-cr-0119 WTL-DKL |
| DONALD L. JORDAN, | ) ) |
| Defendant. | ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Cynthia J. Ridgeway, Assistant United States Attorney ("the Government"), and the defendant, DONALD L. JORDAN ("the defendant"), in person and by counsel, William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant agrees to waive formal indictment by a grand jury and petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Information:

   A. Counts One and Two which charge that the defendant committed the offense of Possession With Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. **Potential Maximum Penalties:** Count One is punishable by a maximum sentence of five (5) years' imprisonment, a $250,000.00 fine, and not less than one (1) year supervised release following any term of imprisonment. Count Two is punishable by a maximum sentence of twenty (20) years' imprisonment, a $1,000,000.00 fine, and not less than three (3) years' supervised release.

3. **Elements of the Offense:** To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

First: The defendant knowingly possessed a controlled substance; and

Second: The defendant intended to distribute the controlled substance to another person; and

Third: The defendant knew the substance was some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was Alprazolam or Hydrocodone.

## Part 2: General Provisions

4. **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

5. **Rule 11(c)(1)(C), Fed. R. Crim. P.:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges arising out of the activity alleged in Counts One and Two against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the

defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel—and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3: Sentence to be Imposed

9.  **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

   A.  **Imprisonment:** The parties agree that the imposition of an executed sentence of imprisonment is left to the discretion of the Court. Both parties reserve the right to make recommendations regarding imprisonment.

   B.  **Fine:** The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

   C.  **Placement:** The defendant does not make a specific request that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at a specific United States Penitentiary.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

D.  **Programs and/or Treatment:** The defendant will notify Court and counsel prior to the filing of the final Presentence Investigation Report of any requests that the Court recommend to the Federal Bureau of Prisons that the defendant participate in specific programs or receive specific treatment while serving any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The government does not object to this procedure and reserves the right to object to specific programs or treatment upon notice.

E.  **Supervised Release:** The parties agree that in the event the Court does not sentence the defendant to an executed term of imprisonment of six (6) months or more, that any term of supervised release should include not less than three (3) months at a community confinement center. Notwithstanding this agreement, both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release, and the terms and conditions of the release.

F.  **Conditions of Supervised Release:** In addition to the term of supervised release set forth above, the parties understand and agree that the Court will determine which additional standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

i) No contact directly or indirectly with government witnesses including, but not limited to direct or indirect contact with Individual #1, described in further detail below.

G. **Probation:** The parties agree that in the event the Court does not sentence the defendant to an executed term of imprisonment of six (6) months or more, that any term of probation should include a term of not less than three (3) months at a community confinement center, among other terms and conditions justified by the Court.

H. **Dismissal of Indictment:** In exchange for the concessions set forth in this Plea Agreement and upon sentencing, the Government will dismiss the Indictment returned on February 9, 2016 against the defendant captioned under cause number 1:16-cr-0029-WTL-DML.

I. **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

J. **Mandatory Special Assessment:** The defendant will pay a total of $200.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

K. **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility

Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

   L.   **Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

All items seized and taken into police custody upon the defendant's December 10, 2015 arrest: police uniform shirt, utility belt, pouches, holster, badge, handcuffs and key, pocket knife, body armor, OC spray, police radio, ammunition, magazines, Smith and Wesson Model 5906 Serial Number VAL8197, Taser and Taser cartridges.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Part 4: Factual Basis for Guilty Plea

10. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

### June 2015 Transaction (Count Two)

A. In 2015, Donald L. Jordan was employed by the Anderson Police Department as a

veteran police officer assigned to third shift patrol. On or about June 26, 2015, Officer Jordan traveled in his personal vehicle to the residence of an individual who was working as a confidential informant with the Anderson Police Department ("Individual #1") located in Anderson, Southern District of Indiana.

B. During the June 26, 2015 meeting, Officer Jordan provided Individual #1 three hydrocodone pills. Individual #1 did not have a prescription for hydrocodone at the time, nor did Individual #1 advise Officer Jordan that he/she did. At the time, neither Officer Jordan nor his wife had narcotics prescribed to them including hydrocodone.

C. After providing the hydrocodone, Officer Jordan asked Individual #1 to touch his penis, which Officer Jordan had exposed. Individual #1 objected. Officer Jordan asked repeatedly and eventually grabbed Individual #1 by the hand and placed his/her hand on his penis. Officer Jordan eventually relented and left Individual #1's residence after several requests.

### December 9-10 2015 Transaction (Count One)

D. Following the June 2015 transaction, the FBI agents investigating the June 2015 transaction coopted the assistance of an FBI Special Agent acting in an undercover capacity ("UCE") to determine the scope of Officer Jordan's predilection to distribute controlled substances. In December 2015, the UCE traveled to Indianapolis, Indiana to meet with the investigative agents and Individual #1.

E. On or about December 9, 2015 at approximately 11:40 p.m., Officer Jordan's official marked police vehicle with bumper number 15-11 was observed parked in the Ricker's Convenience Store parking lot located at 920 W. 38th Street, Anderson, Indiana ("Ricker's").

9

The UCE and Individual #1 parked the vehicle they were driving in the Ricker's lot and entered the store.

F. Upon entry inside Ricker's, Individual #1 introduced the UCE to Officer Jordan and told Officer Jordan it was a girl's party night out. Officer Jordan expressed interest and asked where they would be drinking. UCE told Officer Jordan they would be partying "harder than that." When Officer Jordan pressed for additional details, the UCE hesitated, indicating she did not trust the police.

G. In response to the UCE's statement, Officer Jordan told the UCE he is "a better criminal than he is a cop" and that he "is corrupt." Officer Jordan said he would take a pill in a heartbeat, but can't be high every time he is working. He advised he thought he had a pill on him and possibly had three (3) joints (referencing three marijuana joints) in his car.

H. While still inside the Ricker's store as corroborated by Ricker's video surveillance, Officer Jordan told Individual #1 that he could not find him/her a couple of weeks ago when he had drugs to dispose of. The UCE asked what sort of drugs Officer Jordan could provide to which Officer Jordan responded that he had some "weed" (marijuana), but that he gave it to "Rusty."

I. Officer Jordan told the UCE that "Rusty" had anything she wanted including a lot of Xanax (Alprazolam). During the ensuing conversation, Officer Jordan brokered the sale of 15 Xanax (Alprazolam) pills from "Rusty" for $45.00 on behalf of the UCE. To facilitate the transaction, the UCE gave Officer Jordan $60.00 to cover the cost of the drugs. Neither the UCE nor Individual #1 advised Officer Jordan that they had a prescription for Alprazolam at the time.

J. After the money exchange, Officer Jordan instructed the UCE and Individual #1

to wait at a local bar for further instruction. Thereafter, Officer Jordan left the Ricker's in his marked squad car. A few minutes later, Officer Jordan called Individual #1 and instructed him/her to meet Officer Jordan at Lloyd's Landing, a commercial business located in Anderson, Indiana.

K. The UCE and Individual #1 arrived at Lloyd's Landing a few minutes later. Officer Jordan was already there in his marked patrol vehicle dressed in full police attire including a service revolver on his utility belt.

L. Upon their arrival, Officer Jordan exited his police vehicle and discussed the transfer of the drugs with the UCE. Prior to the transfer of the drugs to the UCE, Officer Jordan patted the UCE down. He then transferred 15 blue Alprazolam pills to the UCE.

M. On December 10, 2015, Officer Jordan was taken into custody without incident. Post-*Miranda*, Officer Jordan first denied, but ultimately admitting providing Xanax pills to a friend.

## Part 5: Other Conditions

11. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

12. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

13. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 6: Sentencing Guideline Stipulations

14. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9, above. The 2015 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

   A. **Grouping of Count One and Count Two.** Because Counts One and Two involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, the counts shall be grouped together into a single Group, pursuant to § 3D1.2(b) and (d).

   B. **Base Offense Level.** The base offense level for the felony drug offenses charged in Counts One and Two is **twelve (12)** pursuant to § 2D1.1, App. N. 8(D).

   C. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the defendant's agreement to

12

cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the defendant should receive a **two (2)** level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

**D.** **Final Offense Level:** Based upon all of these stipulations, the defendant faces a final offense level of **ten (10).**

### Part 7: Waiver of Right to Appeal

**15.** **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**16.** **Collateral Attack:** Additionally, in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding,

including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

17. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 8: Presentence Investigation Report

18. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

19. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Part 9: Immigration Consequences

20. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 10: Statement of the Defendant

21. By signing this document, the defendant acknowledges the following:

A. I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

B. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.** I have read the entire Plea Agreement and discussed it with my attorney.

**D.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**I.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.** I request that any trial date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11: Certificate of Counsel

**22.** By signing this document, the defendant's attorney and counselor certifies as follows:

**A.** I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C. The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

D. In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E. In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12: Final Provision

23. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

6/6/14
DATE

Cynthia J. Ridgeway
Assistant United States Attorney

18

6-6-16
DATE

Winfield D. Ong
Chief, Criminal Division

6-3-16
DATE

DONALD L. JORDAN
Defendant

6-3-16
DATE

William H. Dazey, Jr.
Counsel for Defendant